UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BILLY D. WILLIAMS,

    Plaintiff,

V.

    Case No: 23 CV 545 JDP

JASON BENZEL, JUDI FIELDS,
MICHELLE BURTON, RENEE A. SCHUELER,
PAUL KEMPER, KRISTIN VASQUEZ,
MS. BERGSTRAM, JEAN IE M. KRAEMER,
TINA R. TYLER, ROZETTA RICHARD-HUGHES,
JACQUELINE HEIDT AND MS. TERESA WEIGAND, ET. Al.

    Defendant(s).

## COMPLAINT FOR CIVIL RIGHTS VIOLATION

### PURSUANT TO 42 U.S.C § 1983

## A. Parties

1. **Plaintiff** Billy D. Williams is a citizen of Wisconsin, and is located at 4106 Atticus way Apt 106 Madison WI 53711

2. **Defendant's** Jason Bezel is a citizen of Wisconsin and is employed as Warden at Dodge Correctional Institution 3099 E. Washington Avenue (P.O. Box 700 Waupun, WI 53963) Madison, Wisconsin 53707.

3. Judi Fields is a citizen of Wisconsin, and is employed as Advance Nurse Practitioner, at Dodge Correctional Institution, through the Wisconsin Department

1

of Corrections ("DOC") and Bureau Health Service ("BHS") to provide medical care to inmates within Wisconsin DOC (P.O Box 700 Waupun, WI 53963).

4. Michelle Burton is a citizen of Wisconsin, and is employed as Health Service Manager, at Dodge Correctional Institution, through the Wisconsin Department of Corrections ("DOC") and Bureau Health Service ("BHS") to provide medical care to inmates within the DOC located in Waupun, Wisconsin P.O Box 700 Waupun, WI 53963.

5. Renee A. Schueler, is a citizen of Wisconsin, and is employed as a Health Service Nurse, at Dodge Correctional Institution, through the Wisconsin Department of Corrections ("DOC") and Bureau Health Service ("BHS") to provide medical care to inmates within the Wisconsin DOC located in Waupun, Wisconsin P.O Box700, Waupun, WI 53963.

6. Paul Kemper is a citizen of Wisconsin and is employed with the State of Wisconsin Department of Corrections as Warden/former Warden of Racine Correctional Institution, 2019 Wisconsin Street, Sturtevant Wisconsin, 53177.

7. Ms. Bergstram is a citizen of Wisconsin, and is employed with the State of Wisconsin, Department of Corrections as Health Service Unit Manager, at Racine Correctional Institution, 2019 Wisconsin Street, Sturtevant, WI 53177 to provide medical care to inmates within the Wisconsin Department of Corrections.

8. Kristin Vasquez is a citizen of the State of Wisconsin and is employed with the State of Wisconsin Department of Corrections and Bureau Health Service, at Racine Correctional Institution 2019 Wisconsin Street, Sturtevant, WI 53177, to provide medical care to inmates within the Wisconsin Department of Corrections.

9. Jeanie M. Kreamer is a citizen of the State of Wisconsin and is employed with the State of Wisconsin, Department of Corrections and Bureau Health Service, at the Racine Correctional Institution, 2019 Wisconsin Street, Sturtevant, WI 53177, to provide medical care to inmates as Advance Practitioner/Nurse Practitioner.

10. Tina R. Tyler is a citizen of the State of Wisconsin and is employed with the state of Wisconsin, Department of Corrections and Bureau Health Service, at the Racine Correctional Institution, 2019 Wisconsin Street, Sturtevant, WI 53177, to provide medical care to inmates as Health Service Nurse.

11. Rozettta Richards-Hughes is a citizen of the State of Wisconsin, and is employed with the State of Wisconsin, Department of Corrections and Bureau Health Service, at Racine Correctional Institution, 2019 Wisconsin Street, Sturtevant, WI 53177 to provide medical care to inmates as Health Service Nurse.

12. Ms. Jacqueline Heidt is a citizen of Wisconsin, and is employed by the State of Wisconsin, Department of Corrections as Unit Manager, at Racine Correctional Institution, 2019 Wisconsin Street, Sturtevant, WI 53177.

13. Ms. Wigand is a citizen of the State of Wisconsin, and is employed by the State of Wisconsin, Department of Corrections as Social Worker, at the Racine Correctional Institution, 2019 Wisconsin Street, Sturtevant, WI 53177.

## B. STATEMENT OF CLAIM

A. Plaintiff brings this claim against numerous defendants employed by the Department of Corrections in varies institutions, in which he was within their care and custody as an inmate. Plaintiff was housed and confined at Dodge correctional at Waupun and Racine Correctional Institution, in Sturtevant, Wisconsin and seeks relief against all herein named defendants who was acting under color of state law and authority in their official and personal capacities. Plaintiff arrived at Dodge Correctional Institution [ hereinafter, DCI] on February 26, 2020, and upon arrival informed the intake Nursing staff of his ongoing chronic issues with his feet. Also,

other issues concerning the State providing boots which caused severe pain for him during his previous incarceration.

B. Plaintiff also informed the intake Nurse of being a diabetic, and that plaintiff had been provided special diabetic shoes. The ignorance of Dodge and Racine Health Service staff's deliberate indifference of Plaintiff's health and refusing to adequately address his medical needs regarding objective diagnosis and refusal to properly treat the infection that led to amputation of Plaintiff's right toe, causing disfigurement of Plaintiffs foot and chronic pain.

C. On February 26, 2020, Plaintiff arrived at Dodge Correctional Institution. During intake process plaintiff informed Nurse Renee A. Schueler of his medical history, that he is a diabetic, that Plaintiff could not wear the State issued work boots because the State boots always made his feet sore and hurt during his last incarceration and that the Plaintiff had to have specially fitted shoes. Despite this information he was still furnished and required to wear ill-fitting size fourteen state boots.

D. On March 3, 2020, Plaintiff was called to Health Service Unit ["HSU"] seen by Nurse Practitioner Jodi Fields for a physical examination, whereas plaintiff complained to Nurse Fields about having pain in his feet from the State boots. Plaintiff informed her that he was a diabetic and the shoes caused him pain whenever he wore them, at which time Plaintiff also informed her that during his last incarceration he had specially fitted shoes.

E. On March 13, 2020, Plaintiff noticed a large blister had developed on his right big toe. He then sent an HSU DOC-3035 Form to be seen by HSU staff. On March 14, 2020, Plaintiff was called to Health Service Unit where he informed

the nurse he was in pain and that he was experiencing soreness from the blister which had developed on his right big toe. The Nurse bandaged his toe and informed him he was scheduled to be seen by Nurse Practitioner.

**F.** On March 26, 2020, Plaintiff sent a health service request to HSU complaining of increased pain and discomfort and he was experiencing swelling in his right foot. Plaintiff became genuinely concerned that an infection would develop and spread into his foot because he is a diabetic.

**G.** The plaintiff was later seen that day for wound care by Nurse Angela S. Polensky.

**H.** On April 30, 2020, Plaintiff was sent off-site to Fond Du Lac Regional Health Clinic and seen by Dr. Jonathan K. Stroebel for an evaluation and treatment of wound on his right foot. After the visit, a recommendation for a follow-up in four weeks was made by Dr. Stroebel.

**I.** On May 28, 2020, Plaintiff was returned to the Fond Du Lac Clinic for the recommended follow-up treatment and/or evaluation in which a new recommendation was scheduled by Dr. Stroebel.

**J.** On August 14, 2020, Plaintiff was transferred from Dodge Correctional Institution and sent to Racine Correctional Institution where he was placed on quarantine for a period of 14-days with no off-unit movement.

**K.** On or about August 15, or 16, 2020, Plaintiff verbally spoke with Nurse Rozetta Hughes-Richards during her Covid-19-unit checks. Plaintiff informed her of having a wound on his right toe and that he did not have any bandages or the proper cleaning supplies for in cell wound care and he was experiencing pain up his right leg.

L. On August 28, 2020, Plaintiff was moved from quarantine status to general population. Plaintiff immediately submitted a HSR DOC-3035 asking to be seen by a physician for treatment of the pain and presently open wound on his toe. Plaintiff complained that he had been in excruciating pain all day and night which had caused him not being able to sleep.

M. On August 29, 2020, Plaintiff was called to health service and seen by Nurse Rozetta Hughes-Richards, whereas again Plaintiff complained to medical staff about the intense, excoriating, and debilitating pain he was experiencing which had moved up past his knee.

N. Nurse Hughes examined Plaintiffs right toe and then called Nurse Tina R. Tyler in to get a second opinion on the condition of the wound. Or should he be sent out to the E.R Nurse Tyler then called and spoke the doctor on call about the condition of the open wound. The plaintiff was told that he was scheduled to be seen by the wound care nurse, Nurse Practitioner Jeanie m. Kramer.

O. On September 2, 2020, Plaintiff submitted a health service request DOC 3035 form requesting again to be seen and complaining of pain that had moved to Plaintiffs upper thigh reign that was very swollen and needed to be cared for by a doctor to be debrided.

P. On September 3, 2020, Plaintiff was called to (HSU) Health Service Unit and seen by Nurse Tina r. Tyler again complaining of intense chronic and severe pain that was in Plaintiffs foot and upper thigh region and that the smell had begun to get worse, also that the wound dressing needed to be changed…Nurse Tyler told

Plaintiff that the bandage should be worn for three days and that he was on the schedule for wound care with Nurse Practitioner Jeanie Kraemer.

Q. On September 6, 2020, Plaintiff spoke with Nurse McCallen as he was making rounds on Milwaukee Unit for Covid-19 medical checks and complained about the intense pain and that the pain had moved up to Plaintiffs groin area.

R. Plaintiff asked Nurse McCallen (phonetically) if he would please examine the wound on his foot; also that he was very concerned for his safety and health due to the infection and and very bad smell that was coming off his foot and was worried he was going to lose his leg because Plaintiff was in need of additional medical professional opinions and care. Plaintiff was told Nurse practitioner Kraemer would be informed right away of his condition.

S. On September 6, 2020, Plaintiff submitted three DOC-3035 Health Service Request Forms asking for approval to use a wheelchair as Plaintiff could no longer walk on his foot because of the unbearable and excruciating pain he was experiencing. The second request asked for bandages and wound cleaning supplies that was desperately needed to keep in the cell, the ones that Plaintiff was told to wear for three days were saturated with, puss, blood, and smelly dead flesh.

T. Plaintiff also explained that the wound had a very foul odor emanating from the bandage. He also attached a letter requesting that it be forwarded to prison officials Warden Jason Benzell, K. Vasquez and healthcare service pleading for an outside specialist intervention to prevent the loss of a limb or even worse his life due to the spreading infection. Plaintiff never received a response to the letter.

7

The third request asked for outside medical specialist because the care Plaintiff was receiving was wholly ineffective and was inadequate in addressing Plaintiffs needs because his foot condition had in fact worsened due to the on diagnotes infection.

U. On September 10, 2020, Plaintiff was called to HSU and seen by Nurse Practitioner Jeanie M. Kraemer to evaluate and examine the foot wound. The plaintiff then expressed concerns for his health and safety due to the infection because it could cause the loss of a limb or his life. Plaintiff informed Nurse Kramer that the drainage emitted a foul order and was causing him intense pain which had gotten no better, and the pain was now in his groin area.

V. On September 16, 2020, Plaintiff was called to C-link building for an off-site podiatry visit, whereas Plaintiff was pushed in a wheelchair and transported to Ascension Healthcare, Foot, and Ankle specialist of Racine where x-rays were taken. Physician Annie Stroze examined plaintiff, DPM and within one minute of the examination Dr. Stroze informed Plaintiff that an infection was present in the bone and that the toe would have to be removed right away or no later than two weeks.

W. Upon returning to RCI Plaintiff was seen by Nurse Amandy F. Moore for the off-site return check-in. Nurse Moore noticed that the Plaintiff had an elevated temperature and elevated heart rate that was checked three times. Plaintiff was also experiencing chills and a decision was made by health service staff to send Plaintiff back out to Wheaton Franciscan Hospital ["WFH"] emergency room for evaluation where Plaintiff was admitted.

8

**X.** On September 16, 2020, Plaintiff was seen by Dr. Matthew T. Larsen and after examining of Plaintiffs right toe, he recommended that the toe be removed right away so that he could treat and control the infection. Plaintiff was then taken to surgery to remove the toe and placed on an extremely aggressive antibiotic by intravenous (IV) injection to stop the infection from spreading further and causing more harm to the Plaintiff. Plaintiff had to undergo the I.V drug 24hours a day for six consecutive days.

**Y.** On September 21, 2020, Plaintiff was discharged from Wheaton Franciscan Hospital. Plaintiff asked Dr. Larson questions about his toe and the condition it was in before the amputation. Plaintiff was then given care instructions with the recommendation for a one-week follow-up appointment after returning to Racine Correctional Institution. Upon return Plaintiff was placed in quarantine for fourteen days.

**INJURIES:**

Plaintiff suffered unnecessary pain which resulted in the Plaintiff losing a toe on his right foot due to Defendants ignoring his complaints regarding his condition and being deliberately indifferent to this serious medical needs. The pain that the Plaintiff experienced/experiencing is/was excruciating, embarrassing, debilitating, frequent, and nightmarish, loss of sleep, PTSD, mental anguish, plaintiff had to endure the pain / depression and thought of losing his foot or even his life, and the overall decline in the quality of Plaintiffs life.

Exhaustion:

Plaintiff has exhausted his administrative remedies, as to all claims, by filing his first and second step inmate complaints through the ICRS system.

## JURISDICTION:

Under 42 U.S.C 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [Federal laws]." Plaintiff also brings this suit under§ 28 U.S.C 1331 and 1367, Plaintiff also asserts State Law claims which are also subject to this jurisdiction under § 28 U.S.C 1367.

## CAUSE OF ACTION:

All Defendants described herein as described in this complaint are liable for the actions as described individually and jointly for their failure to protect Plaintiffs health and provide adequate medical care. That was desperately needed Defendants deliberate indifference to Defendants medical needs, subjecting him to wanton and unnecessary pain and suffering for well over seven months. The failure to provide plaintiff with proper and sufficient diagnostic testing and treatment in accordance with the Bureau Health Service standards to the Plaintiff who is a diabetic.

Defendants were aware that Plaintiff had infection, and Plaintiff informed defendants that his bandages were emitting a foul odor and yet, his pleas were ignored. Health services repeatedly told the plaintiff that his toe was not infected and that he was not going to lose his foot or toe.

**RELIEF SOUGHT:**

Plaintiff demands a trial by jury no less than six (6) and an award of Compensatory damages in the amount of $1,000,000 dollars sum same and sure against each herein named Defendants who were acting under color of state law.

Plaintiff seeks Punitive damages in the amount of $6,000,000 dollars sum and same and sure against each herein named individual who was acting under color of state law and authority. Plaintiff also seeks declaratory declaration that the acts and omissions as described herein did violate Plaintiffs rights.

**Pursuant to 28 U.S.C § 1746, I declare under the penalty of perjury that the facts stated herein are true and correct based on my personal knowledge and observation.**

Dated this 3 day of August 2023.

Respectfully submitted by:

*/s/ Billy Williams*

Billy D. Williams